The opinion of the Court was delivered by
Evans, J.
The only question which has been argued, and the only one necessary to be decided, arises on the construction of Joseph Cox’s will. The testator divided his property between his two sons, Harmon and Peter, and provides as follows: “ If either of my two sons should die without lawful issue, that my other son shall have his part of my property.” Harmon Cox died without issue, but the negro had been sold in his life-time, by the sheriff, to pay his debts and purchased by Buck, the defendant.- The action was by the surviving brother; and if the limitation over on the event of Harmon’s death without issue be good, then the plaintiff is entitled to recover. The words issue or heirs of the body mean all a man’s lineal descendants, to the remotest posterity. If, therefore, a remainder be limited to take effect after a dying without issue, or heirs of the body, it means that the remainder shall take effect whenever there shall be an entire failure of the issue of the first taker. This is what is called an indefinite failure of issue. Its effect is to create per-petuities, which the law does not allow. If it did, the remainder would vest on a failure of issue in the 20th generation as well as the first. To prevent the creation of such perpetuities, it is a well settled principle, that no remainder shall take effect on a dying without issue, unless it be clear the testator or donor intended to vest the remainder at the death of the tenant for life, and unless such intention be clear, the remainder shall fail on account of its remoteness. Is there in this case a clear intention of the testator, that on the death of Harmon, without issue *606 living at that time, the estate should vest in Peter; or did he intend to give to. each an estate descendible to his issue, and if he died without issue, then the estate should go to the other, if alive, and if not, to his heirs. In deciding questions of law, it is always safest to enquire what opinions have been held by those who have gone before us, and to conform to adjudged cases, unless they are clearly in violation of settled principles. In Guery vs. Vernon, (1 N. & McC. 69,) the testator gave certain personal property to his daughter B, but in case B should die without heirs of her body then the said property to return to his son C. It was held that the remainder was too remote. There is no evidence of intention to restrict the vesting of the remainder to the period of B’s death. In Henry vs. Felder, (2 McC. Ch. 323,) the words of the will were: “ I give and bequeath to Elizabeth Couliette, a negro girl named Dinah, to be to her and the heirs of her body, lawfully begotten, forever, but on failure of issue, to go to the oldest child of my daughter Nancy Connors.” In this as well as in the case of Guery vs. Vernon, the limitation was to a person in esse at the time, but the limitation was held to be void, because there was nothing in the words used which indicated a clear intention to restrict the remainder to such person alone, for if his heirs could take, then, there was nothing to restrict the time of vesting to the death of the tenant for life, for if the heir of the remainderman could take at all, he could take whenever the issue of the tenant for life was extinct, which might happen in the tenth or the first generation. This distinction is illustrated by the case of Massey vs. Hudson, (2 Meriv. 129). There the words were, in case A. or B. (the legatees) die without issue, then the whole of the said two legacies to go to the survivor, his executors, &c. It was held, that the limitation over was too remote, as, by the word executors, the testator shewed he did not intend a mere personal benefit to the survivor. But, I presume, if the word survivor alone had been used, then, as he was a person in being, and there were no words shewing any intention to give the remainder to any one but him, in such case the remainder would be good as coming within the rule. Such *607 a limitation, for these reasons, was held to be good in the case of Hill vs. Hill, (Dud. Eq. 71).
But it has been argued that the word other, in this bequest, is equivalent to survivor, and should have the same effect as if the testator had said, if either of my sons shall die without lawful issue, the survivor shall have his part of my property. It is said in Roper on Leg. 215, that the Court will sometimes construe other into survivor, where necessary to effect the intention, but no cases are quoted to illustrate it. In Shepherd vs. Shepherd, (2 Rich. Eq. 142,) a mother, by an instrument in the nature of a will, gave certain slaves to her three children, Martin, Elizabeth, and Martha. The gift to Martin was to him, his heirs, executors and administrators, but in case of the death of either of the children herein named, without lawful issue, their part to descend to the others, to be equally divided between them. It was held that the limitation over was too remote. Harper, Ch. said, “ The limitation was the same as if the gift had been to Martin, and if he should die without issue, to Elizabeth and Martha.” So in this case it seems to me that the testator has said in effect, "if Harmon should die without issue, Peter is to have his part of my property;” and if such had been the words used, no distinction could be made between this case and the case of Guery vs. Vernon, and the other cases cited above.
The opinion of this Court, therefore, is, that the remainder to. the plaintiff, Peter Cox, is void, being too remote; that Harmon took an absolute estate in the negro, and that the defendant’s motion for a nonsuit should be granted: and it is so ordered.
Johnston, Dunkin, Dargan and Wardlaw, CC. and O’Neall, Frost, Withers and Whitner, JJ. concurred.
Wardlaw, J. absent holding the Circuit Court for Charleston'.
Motion granted.
*608 [A copy of the following dissenting opinion, delivered in the case of Kinsler vs. McCants, reported 4 Rich. 46, was not furnished the Reporter until that volume was out of the press.]